UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00482-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |

　　　　Plaintiff Seavon Pierce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, who initiated this action on March 4, 2015. (ECF No. 1.) Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4.)

　　　　On March 26, 2015, the Court issued a First Informational Order informing Plaintiff that a *pro se* plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. (ECF No. 7). The First Informational Order also explained that if Plaintiff's address is not updated within sixty days of any mail being returned, the action will be dismissed for failure to prosecute. (Id. at 5.); *see also* Local Rule 183(b). Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

---

[1]　　Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1

On June 1, 2015, mail sent by the Court to Plaintiff was returned by the United States Postal Service as Undeliverable, Unable to Forward.  More than sixty-three days have passed and Plaintiff has failed to file a notice of change of address and has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since March 2015, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227.  More importantly, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice.  Here, there will be no resolution of this case given Plaintiff's failure to advise the Court of his new address and participate in this litigation.  Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-33 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). In this case, the Court's first informational order explained that if Plaintiff's address is not updated within

sixty days of the mail being returned, the action will be dismissed for failure to prosecute. (ECF No. 7). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to obey a court order and failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b). This terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __August 18, 2015__            /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE