**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00482-BAM (PC)<br><br>ORDER DENYING COMBINED RULE 60(a) MOTION TO ADD UNITED STATES AS A PARTY; AND RULE 60(b) MOTION TO NULLIFY JUDGMENT<br><br>(ECF No. 15) |

### I.     Introduction

Plaintiff Seavon Pierce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 18, 2015, judgment was entered dismissing his action pursuant to this Court's order to dismiss his case for failure to obey a court order and failure to prosecute. (ECF Nos. 12, 13.) On September 28, 2015, Plaintiff filed the instant combined motions seeking to (1) correct the docket pursuant to Federal Rule of Civil Procedure 60(a), to have the United States added as a party; and (2) nullify the August 18, 2015 judgment pursuant to Rule 60(b). (ECF No. 15.)

Before turning to the merits of Plaintiff's motions, the Court must address a jurisdictional issue. Just prior to Plaintiff's filing of the instant combined motions, on September 25, 2015, he filed a

1

1  notice of appeal. (ECF No. 16.) On October 6, 2015, the Ninth Circuit processed and docketed
2  Plaintiff's appeal, which is now pending. (ECF No. 17).

3  Generally, the filing of a notice of appeal generally divests the district court of jurisdiction over
4  the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d
5  822 (9th Cir. 1982)). However, under Federal Rule of 62.1(a)(2), a district court retains the authority
6  to deny a motion that is timely filed even though an appeal has been docketed and is pending. Fed. R.
7  Civ. P. 62.1(a)(2); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir. 2013) (pursuant to
8  Rule 62.1, district court retained jurisdiction to deny a timely-filed motion for leave to amend petition,
9  even though motion was filed after notice of appeal). Consequently, the Court determines it has the
10 authority and jurisdiction to deny Plaintiff's combined motions without seeking leave from the
11 appellate court to do so, which it does for the reasons further discussed below.

12 **II.    Discussion**

13 Because neither of Plaintiff's motions have merit, they are both denied. First, his Rule 60(a)
14 motion seeks to add the "U.S. government" as a plaintiff to his case because he purported in his
15 complaint to bring this action on behalf of the United States (and himself) under the False Claims Act,
16 31 U.S.C. § 3729 et. seq., as a qui tam relator. (ECF No. 15). "Federal Rule of Civil Procedure 60(a)
17 may be invoked to change clerical mistakes, omissions or oversights in a judgment, order or the
18 record." DePrins v. Clark, 566 Fed. Appx. 608, 610 (9th Cir. 2014) (citing Fed. R. Civ. P. 60(a)).
19 These would include "blunders in execution" such as a computational mistake, an error in transcribing
20 a judgment, specifying that a dismissal was without prejudice when that is what the Court intended, or
21 other similar clarifications. Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297-98 (9th Cir. 2014)
22 (quoting Blanton v. Anzalone, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987)).

23 Putting aside whether the change Plaintiff requests is properly brought as a Rule 60(a) motion,
24 the Court must deny his request regardless. The Ninth Circuit has repeatedly held that pro se plaintiffs
25 are prohibiting from pursuing claims on behalf of others, and specifically may not prosecute False
26 Claims qui tam actions on behalf of the United States without retaining licensed counsel. E.g., Simon
27 v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (citing United States of America ex rel.
28 Mergent Servs. v. Flaherty, 540 F.3d 89, 90 (2nd Cir.2008)); see also Stoner v. Santa Clara Cnty.

Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) ("The FCA itself does not authorize a relator to prosecute a § 3729 violation pro se."). Thus, as a pro se party, Plaintiff cannot bring any False Claims action on behalf of the United States, and the Court shall not "correct" its judgment or the record to add the United States as a party.

Plaintiff also brings a Rule 60(b) motion to nullify the Court's August 18, 2015 judgment, arguing that he did not consent to a Magistrate Judge for all proceedings or change his address without notifying the Court of a new address, and that the proper venue is the Sacramento division of this district court, not the Fresno division. (ECF No. 15, pp. 1-2.) He argues that the Court relied on facts not reflected by the record and outside evidence in rendering its judgment, making the judgment void. (Id. at 2.) Rule 60(b) permits a party to seek relief from a judgment and have a case reopened under a limited number of circumstances, including as relevant here, because of a judicial mistake or inadvertence. Fed. R. Civ. P. 60(b)(1); see also Kingvision Pay-Per-View Ltd. V. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (because the words "mistake" and "inadvertence" are not limited to mistake or inadvertence by the parties in Rule 60(b)(1), they may include mistake or inadvertence by the judge). However, no mistake of law or mistaken reliance on facts outside the record occurred here.

Plaintiff argues that the Court relied on matters outside of the record to determine he consented to a Magistrate Judge here for all purposes, but this is incorrect. The Court relied on the March 19, 2015 filing by Plaintiff stating that he voluntarily consented to the jurisdiction of a United States Magistrate judge, signed and dated March 16, 2015, and filed with his court and made a part of its record, as reflected on the docket. (ECF No. 4.) The district court may take judicial notice of facts reflected by its docket. E.g., United States v. Marguet-Pillado, 648 F.3d 1001, 1005 (9th Cir. 2011) (court taking judicial notice of filings on its own docket). Likewise, Plaintiff argues that the fact of his address change was not a part of the record and therefore the judgment premised on it is not valid, but this is also incorrect. The docket for this matter reflects that mail sent to Plaintiff by the Clerk of the Court on May 11, 2015 was returned on June 1, 2015 as "Undeliverable, Not Deliverable as Addressed, Unable to Forward." Again, it was appropriate for the Court to take judicial notice of this fact. Jarva v. U.S., 280 F.2d 892, 894 (9th Cir. 1960) (court taking judicial notice of mailings by clerk of court on docket). Also, Plaintiff's own motion contains a proof of service in which he states, under

penalty of perjury, that his address is at Kern Valley State Prison, which is a different address than the Court currently has for him, and which address has been provided to the Court for the first time in this post-judgment filing. (ECF No. 15, p. 3).

Finally, to Plaintiff's argument that the Court's judgment is void because he filed it in the Sacramento division of the Eastern District of California and therefore the Fresno division has no jurisdiction to adjudicate his case, this is also a meritless position. (ECF No. 15, pp. 1-2.) The judge of the Sacramento division of the Eastern District of California to whom Plaintiff's matter was originally assigned found that because he alleged a violation of his rights that occurred at the California Correctional Institute, in Kern County, California, his action should have been commenced in the Fresno division and was properly transferred there. (ECF No. 6 (citing E.D. Local Rules 120(d), 120(f)).) Plaintiff's allegation that his matter was originally filed in the Sacramento division does not undermine this finding. Furthermore, whether a matter should be heard in one or another division of the same district is a question of venue and is not jurisdictional, and thus a judgment would not be rendered invalid or void even if the venue was not proper. See Carrillo v. Squier, 137 F.2d 648, 648-49 (9th Cir. 1943).

### III. Conclusion and Order

For these reasons, IT IS HEREBY ORDERED that Plaintiff's combined Rule 60(a) motion to add the U.S. government as a party to this action, and Rule 60(b) motion to nullify the August 18, 2015 judgment in this action (ECF No. 15), are DENIED.

IT IS SO ORDERED.

Dated:   **October 9, 2015**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE