**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAVON PIERCE, | Case No.: 1:15-cv-00482-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION/NOTICE OF EXTRINSIC FRAUD |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 14) |
| Defendants. | |

### I.   Introduction

Plaintiff Seavon Pierce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 18, 2015, judgment was entered dismissing his action pursuant to this Court's order to dismiss his case for failure to obey a court order and failure to prosecute. (ECF Nos. 12, 13.) On September 10, 2015, Plaintiff filed the instant motion pursuant to Rule 60(b). (ECF No. 14.)

After filing the instant motion, on September 25, 2015, Plaintiff filed a notice of appeal. (ECF No. 16.) On October 6, 2015, the Ninth Circuit processed and docketed Plaintiff's appeal, which is now pending. (ECF No. 17.) Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d 822 (9th Cir. 1982)). However, under Federal Rule of 62.1(a)(2), a district

court retains the authority to deny a motion that is timely filed even though an appeal has been docketed and is pending. Fed. R. Civ. P. 62.1(a)(2); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir. 2013) (pursuant to Rule 62.1, district court retained jurisdiction to deny a timely-filed motion for leave to amend petition, even though motion was filed after notice of appeal). Consequently, the Court determines it has the authority and jurisdiction to deny Plaintiff's motion for the reasons explained below, without seeking leave from the appellate court to do so.

**II.     Discussion**

Under Federal Rule of Civil Procedure 60(b), a district court may relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Plaintiff seeks relief from the August 18, 2015 judgment in this matter for a number of reasons, none of which have any merit.

Plaintiff first complains that he was not served with any answer by the Defendants in this matter. However, his case was dismissed before his complaint was screened, and therefore before any complaint was served. Since the Defendants were never served with a complaint, they never had any duty to serve an answer. Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]").

Plaintiff next argues that he never consented to the jurisdiction of a magistrate judge in this matter, and that the reason his case was dismissed—failure to notify the Court of his change of address— was not valid. These arguments were addressed by an earlier order of this Court, dated October 9, 2015, (ECF No. 19), and for the reasons stated in that order, his arguments are again rejected.

Plaintiff also appears to complain that he is not being sent notice of the proceedings in this case, making the judgment against him a fraud. The Court is serving all orders upon Plaintiff by mail at his address of record, as reflected in the docket.  It is Plaintiff's responsibility to notify the Court and opposing parties of any change in his address. Local Rule 183(b).

///

**III.     Conclusion and Order**

For these reasons, IT IS HEREBY ORDERED that Plaintiff's Rule 60(b) motion (ECF No. 14), is DENIED.

IT IS SO ORDERED.

Dated:     **November 19, 2015**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE